IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFTON BEALE, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 06-2186 (JBS) |
| v. | |
| DEPARTMENT OF JUSTICE, | **OPINION** |
| Defendant. | |

APPEARANCES:

Mr. Clifton Beale
6102 Forrest Avenue
Pennsauken, NJ 08110
    Plaintiff Pro Se

Jacqueline C. Brown, Esq.
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
    Attorney for Defendant U.S. Department of Justice

**SIMANDLE**, District Judge:

    This matter is before the Court upon the motion to dismiss Plaintiffs' Second Amended Complaint under Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. by defendant the U.S. Department of Justice ("DOJ"). [Docket Item 7.] Plaintiffs, Clifton Beale and Clifton Beale Consulting, LLC brought this action alleging numerous common law torts, a violation of Plaintiff's rights under the Equal Protection Clause of the Constitution of the United States and a cause of action under 42 U.S.C. § 1983. Plaintiffs' claims stem from certain press releases and web

postings made by DOJ in connection with a lawsuit filed by the United States against Plaintiffs alleging that Plaintiffs were involved in unlawfully promoting sham trusts and other tax-fraud schemes.  For the reasons set forth in this Opinion, the Court will grant DOJ's motion to dismiss in its entirety.

I.   **BACKGROUND**

   A.   **Facts**

   The allegations made in the second amended complaint stem from a 2003 suit filed by the United States against Plaintiffs (and several other affiliated entities) in which the United States alleged that Plaintiffs were unlawfully promoting sham trusts and other tax-fraud schemes (the "Underlying Action"). According to the complaint in the Underlying Action, Plaintiffs (and others) provided false advice to the customers that resulted in the understating of customers' true tax liability.  See U.S. v. Clifton Beale, No. 03-3880 (D.N.J. 2003).  In the civil action against Plaintiffs, the United States sought a permanent injunction under the  Internal Revenue Code, 26 U.S.C. §§ 7402, 7407-08 barring Plaintiffs from continuing in this business.

   In conjunction with filing the complaint in the Underlying Action, DOJ issued a press release (and posted the press release on its web site with a hyper-link to the complaint) summarizing the United States' claims against Mr. Beale.  (Second Amended

2

Compl., Ex. 4(e), 7.)  The press release stated, in relevant part:

> The Department of Justice today sued Clifton Beale of Pennsauken, New Jersey, alleging that he promotes sham trusts and other schemes to illegally reduce the federal tax liability of his customers. The civil injunction . . . is part of the Justice Department's continuing nationwide crackdown against promoters of illegal tax avoidance schemes.
>
>                 *    *    *    *
>
> The Complaint against Beale alleges that he promotes a scheme using sham trusts and limited liability companies that purport to enable customers to claim tax deductions for such personal expenses as lawn care, utilities, and house repairs.

(Id. at Ex. 7B).

Ultimately, Beale consented to the entry of an injunction, but would not admit any facts alleged in the complaint.  On February 4, 2004, the Court entered the agreed permanent injunction in the Underlying Action which barred Beale from engaging in any activity prohibited by Sections 7402, 7407-08 of the Internal Revenue Code, including the organizing or selling of any partnership and or the making of any false statements regarding the applicability of any tax benefit in connection with any partnership or from preparing federal income tax returns for others.  See Beale, No. 03-3880 (Docket Item No. 24.)  On February 5, 2004, DOJ then issued and posted on its website another press release announcing the permanent injunction.

(Second Amended Compl. Ex. 4(f), 7(a)).  The press release stated, in pertinent part:

> The Justice Department today announced that a federal judge . . . ordered Pennsauken, New Jersey resident Clifton Beale to stop selling trusts and other tax schemes that the Justice Department contends are fraudulent.  The court order, to which Beale consented without admitting wrongdoing, permanently bars him from preparing tax returns for others.  It also requires that the [Mr. Beale] post the court order on his website, as well as notify his customers of it in writing.  In addition, Beale must provide the Justice Department [with] a complete list of his customers.  The order applies to Beale, his affiliated businesses and anyone acting in concert with them.

(Id. at 7A).

### B. **Procedural History**

On May 15, 2006, Plaintiffs filed suit against DOJ.  DOJ moved to dismiss the complaint on June 8, 2006. [Docket Item No. 2.]  On June 30, 2006, while DOJ's motion to dismiss was still pending and without leave of court, Plaintiffs filed an amended complaint.  [Docket Item No. 4.] A few days later, again while DOJ's motion to dismiss was pending and without leave of court, Plaintiff filed a second amended complaint ("SAC") on July 10, 2006 which was included in a document Plaintiff captioned Response in Opposition to Defendant(s) Motion to Dismiss. [Docket Item No. 6.]

Included among the claims in Plaintiffs' self-styled five-count SAC, Plaintiffs bring three common law tort claims: "intentional infliction of financial distress and emotional

4

distress" (Count I)(hereafter, "IIED"), libel and slander (Count II), and "loss of business and clientele" (Count III). Plaintiffs also bring a claim for violation of Plaintiffs' civil rights (presumably under 42 U.S.C. § 1983) including "deprivation of rights" (Count IV) and "conspiracy to interfere with civil rights" (under the Equal Protection Clause of the U.S. Constitution) (Count V). Although Plaintiffs claim to request no monetary relief in the SAC, the prayer for relief contains several specific requests for monetary compensation as well as requests for injunctive relief. (SAC ¶ 24.)

After Plaintiffs filed the SAC, DOJ again filed a motion to dismiss [Docket Item No. 7] which is the current motion pending before this Court. Plaintiffs filed a brief in opposition [Docket Item No. 11] to which DOJ timely replied. [Docket Item No. 12.]

## II.   STANDARD OF REVIEW

A motion made under Rule 12(b)(1) argues that the claims should be dismissed because the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court must accept any and all

5

reasonable inferences derived from those facts and must view all allegations in the complaint in the light most favorable to the plaintiff.  See  Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991).

In his complaint, it is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  When a motion to dismiss is before the court, the question for the court is not whether plaintiff will ultimately prevail; rather, it is whether he or she can prove any set of facts in support of their claims that would entitle them to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).[1]

---

[1] While the court is required to take all of the allegations of fact as true, the court is "not required to credit bald assertions or legal conclusions alleged in the complaint." Jones v. Intelli-Check, Inc., 274 F. Supp. 2d 615, 625 (D.N.J. 2003).

**III.  PRELIMINARY MATTERS**

The Court must address two preliminary matters prior to addressing the merits of DOJ's motion to dismiss.  First, the Court notes that Plaintiffs have twice amended their complaint inappropriately because Plaintiffs have not sought or received leave of court to amend their Complaint.  Under Rule 15(a), Fed. R. Civ. P., "[a] party may amend the party's pleading [i.e., complaint] once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Leave of court to amend a complaint, however, "shall be freely given when justice so requires."  Id.  Because Defendants filed a motion to dismiss (a "responsive pleading") on June 8, 2006, Plaintiffs were required to seek leave of court to file both the first and second amended complaints.  Id.  While Plaintiffs amended their complaint improperly, the Court will allow Plaintiff to amend the complaint finding that justice and judicial economy "so requires" and will therefore consider Plaintiffs' SAC.

Second, because Plaintiff Clifton Beale Consulting, LLC is purportedly represented by pro se plaintiff Clifton Beale, and not by licensed counsel, the SAC must be dismissed as to Clifton Beale Consulting, LLC.  In Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993), the

Supreme Court held that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  In <u>Rowland</u> the Court further held that "the rationale for that rule applies equally to all artificial entities."  <u>Id.</u>[2]  Thus, plaintiff Clifton Beale Consulting, LLC, a limited liability corporation, must be dismissed from the case due to their lack of an appearance through an attorney.

**IV.   DISCUSSION**

The Court will address DOJ's motion in three parts. First, the Court will address DOJ's arguments that Plaintiffs' three common law tort claims should be dismissed largely in part because DOJ is immune from such tort actions or that the Court lacks subject matter jurisdiction to hear this action because Plaintiffs have failed to exhaust their administrative remedies (<u>see</u> Part A, <u>infra</u>).  Second, the Court will address DOJ's contention that Plaintiffs' claims under 42 U.S.C. § 1983 must also be dismissed because DOJ is not a "person" under Section 1983 (<u>see</u> Part B, <u>infra</u>).  Finally, the Court will address the

---

[2]   The New Jersey Court Rules codify this provision explicitly:

> Except as otherwise provided . . . a business entity other than a sole proprietor shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State.

Pressler, <u>Current N.J. Court Rules</u>, R. 1:21-1(c)(2006).

grounds for dismissal of Plaintiffs' claim that DOJ violated Plaintiffs Equal Protection Clause claims because Plaintiffs cannot maintain a constitutional tort action against a federal agency (see Part C, infra).

### A. **Plaintiffs' Common Law Claims**

Plaintiffs allege that they have suffered injury to their reputation and have sustained financial losses as a result of DOJ's press release and web site postings regarding the United States' tax fraud case against Plaintiffs. In its motion papers, DOJ argues that most of the common law claims are barred by the doctrine of sovereign immunity. In addition, with respect to Plaintiffs' claim for intentional infliction of emotional distress ("IIED"), Defendants argue that dismissal is warranted because Plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act ("FTCA" or the "Act"), a prerequisite to bringing a claim in this Court. Plaintiffs counter argue first that DOJ has waived sovereign immunity through the Administrative Procedures Act, 5 U.S.C. § 702 and 28 U.S.C. § 1331, 2201. Second, Plaintiffs argue that, because they are not seeking monetary damages, the tort claims under Counts I, II, and III are not subject to dismissal.

### 1. **Plaintiffs' Claims of Libel, Slander and Defamation**

The United States can be sued only to the extent that it has waived sovereign immunity. Indian Towing Co. v. U.S., 350

U.S. 61 (1955).  Under the Federal Tort Claims Act, the United States has waived this sovereign immunity with respect to certain state law tort claims.  See 28 U.S.C. § 1346.  Section 2680(h) of the FTCA, however, creates exceptions to the general waiver of sovereign immunity set forth in Section 1346 of the Act.  See 28 U.S.C. § 2680(h).  Specifically, Section 2680(h) states, in pertinent part that "[t]he provisions of [Section 1346] . . . shall not apply to . . . (h) [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ."  Id. at § 2680(h); see Accardi v. United States, 435 F.2d 1239, 1240 (3d Cir. 1970).  Moreover, the Court of Appeals for the Third Circuit has held FTCA also bars actions against the United States and its agencies for defamation.  See Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000).

    In Count II of the SAC, Plaintiffs bring New Jersey state-law claims for the torts of libel, slander and defamation.  Because Plaintiffs' claims of libel, slander and defamation are specifically excluded from the United States' waiver of sovereign immunity, the United States is immune from suit with respect to these claims.  As such, Count II of the SAC will be dismissed.

## 2.   "Loss of Business and Clientele"

In Count III of the SAC, Plaintiffs bring a claim for "loss of business and clientele." The parties do not cite, and the Court's own research has not found, any New Jersey law recognizing the tort of "loss of business and clientele." However, New Jersey law does recognize a similar tort -- interference with prospective economic relationships in which a plaintiff must demonstrate that (1) he had a reasonable expectation of economic advantage; (2) defendant's actions were malicious and harm was inflicted intentionally; (3) the interference caused the loss of the prospective gain or there was a reasonable probability that the plaintiff would have obtained the anticipated economic benefit; and (4) the injury caused plaintiff damage.  See Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 751 (1989).  Given the liberal pleading standards that this Court must afford to a pro se Plaintiffs' complaint, the Court will proceed as if Plaintiffs bring a claim of interference with prospective economic relationships.

Under New Jersey law, the tort of interference with prospective economic relationships is separate and distinct from the tort of interference with contract.  Id.  Interference with contract is specifically exempted from the United States' waiver of sovereign immunity under FTCA.  See 28 U.S.C. § 2680(h).  The Third Circuit has held that the exemption for the tort of

interference with contract, however, "extends not only to an action for the unlawful interference with existing contracts but also to actions for the unlawful interference with prospective contractual relations." Small v. United States, 333 F.2d 702, 704 (3d Cir. 1964)(citing Dupree v. United States, 264 F.2d 143, 144 (3d Cir. 1959)). According to the Third Circuit, "the latter action is the equivalent of one for the unlawful interference with business." Id. Indeed, "'[i]nterference with contract rights' has been broadly interpreted to include not only actual contracts, but any prospective business expectancies or advantage." United States v. Leuthe, No. 01-203, 2002 U.S. Dist. LEXIS 4748, 24-25 (E.D. Pa. 2002)(quoting Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1154-55 (D.C. Cir. 1985)). Here, Plaintiffs' allegations of loss of business and clientele (which the Court interprets to be a claim for interference with prospective economic relationships) will be dismissed because the Third Circuit, under Small and Dupree, has held that the United States is immune from such suits.

interference with contract, however, "extends not only to an action for the unlawful interference with existing contracts but also to actions for the unlawful interference with prospective contractual relations." Small v. United States, 333 F.2d 702, 704 (3d Cir. 1964)(citing Dupree v. United States, 264 F.2d 143, 144 (3d Cir. 1959)). According to the Third Circuit, "the latter action is the equivalent of one for the unlawful interference with business." Id. Indeed, "'[i]nterference with contract rights' has been broadly interpreted to include not only actual contracts, but any prospective business expectancies or advantage." United States v. Leuthe, No. 01-203, 2002 U.S. Dist. LEXIS 4748, 24-25 (E.D. Pa. 2002)(quoting Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1154-55 (D.C. Cir. 1985)). Here, Plaintiffs' allegations of loss of business and clientele (which the Court interprets to be a claim for interference with prospective economic relationships) will be dismissed because the Third Circuit, under Small and Dupree, has held that the United States is immune from such suits.

### 3. "Intentional Infliction of Emotional and Financial Distress"

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies."[3]

---

[3] 28 U.S.C. § 2675(a) provides, in pertinent part:

McNeil v. United States, 508 U.S. 106, 107 (U.S. 1993)(quoting 28 U.S.C. § 2675(a)); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)  Specifically, "[b]efore commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, and the claim must have been denied." Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)(citing 28 U.S.C. § 2401(b), 2675(a)).  The requirement that a plaintiff exhaust his administrative remedies "is jurisdictional and cannot be waived."  Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)(citing Driggers v. United States, 309 F. Supp. 1377 (D.S.C. 1970)).  Specifically, for a claim to have been properly presented to the federal agency, the claimant must submit "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property,

---

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

13

personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2 (2006). The federal agency to whom the claim is submitted has an obligation to "make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675.

DOJ argues that Plaintiffs' IIED claim must be dismissed because Plaintiffs failed to present this state law tort claim for IIED to the appropriate federal agency nor were the claims denied by the agency (DOJ) before Plaintiffs initiated this action. (Def.'s Br. at 8-9.) Plaintiffs argue that they have exhausted all their administrative remedies by "writing to the defendant and other government officials a series of letters dating back to March 8, 2001 in an effort to avoid any type of misunderstanding . . . ." (SAC ¶ 14.) Specifically, Plaintiffs state that DOJ never responded to Mr. Beale's January 9, 2006 letter (which was the only correspondence attached to the SAC). (Id.; SAC at Ex. 4.)

The Court finds that this Court lacks subject matter jurisdiction over Plaintiffs' IIED claim because Plaintiffs have failed to exhaust their administrative remedies before bringing this IIED action. Therefore, this Court must dismiss Count I of the SAC. Even taking all of the facts alleged in Plaintiffs' SAC

14

as true (as the Court must at this stage in the litigation), the Court finds that Plaintiffs have failed file an administrative claim with the DOJ that is in compliance with 28 C.F.R. § 14.2. Instead of notifying DOJ in the manner proscribed in Section 14.2 of the regulations, Mr. Beale simply wrote a letter to DOJ on January 9, 2006 complaining about the web posting and requesting that the DOJ remove it. The letter is devoid of any allegation that DOJ's actions constituted the intentional infliction of emotional or financial distress and contains no claim for damages. As such, the letter does not constitute "other written notification" under 28 C.F.R. § 14.2 because it was not "accompanied by a claim for money damages in a sum certain for injury to or loss of property." 28 C.F.R. § 14.2. Moreover, even if Plaintiffs' letter constituted an administrative claim, Plaintiffs did not wait six months after sending their January 9, 2006 letter before filing this action as required by 28 U.S.C. § 2675(a). McNeil v. United States, 508 U.S. 106, 113 (1993)(affirming dismissal of complaint filed within six months of complaint).

### 4. Plaintiffs' Arguments

As mentioned above, Plaintiffs argue that the United States has waived sovereign immunity under the Administrative Procedures Act, 5 U.S.C. § 702 and 28 U.S.C. §§ 1331, 2201. These arguments are unpersuasive. DOJ's sovereign immunity is

15

not waived by the Administrative Procedures Act or by the general federal jurisdiction statutes 28 U.S.C. §§ 1331, 2201. The law is clear that the federal jurisdiction statutes are not a waiver of sovereign immunity. See Hommoman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)(28 U.S.C. §§ 1331); Skelly Oil v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)(28 U.S.C. §§ 2201). In addition, although the Administrative Procedures Act generally waives the United States' immunity for "nonstatutory" equitable actions brought under 28 U.S.C. § 1331, Plaintiffs' claims are statutorily derived from the FTCA and thus, the Administrative Procedures Act is not applicable.

In addition, Plaintiffs' argument that they do not request money damages on their tort claims is also unavailing. In the SAC, Plaintiffs include a prayer for relief requesting that "[P]laintiffs be granted an award" for libel, slander, defamation, and civil rights claims. (Pl.'s Opp. Br. at 15.) Moreover, Plaintiffs request pecuniary damages - a strictly monetary remedy. Even if Plaintiffs had withdrawn their claim for monetary damages, this Court would have no jurisdiction under the FTCA to grant injunctive or declaratory relief on tort claims. See Estate of Trentadue ex rel. Anguilar v. United States, 397 F.3d 840, 863 (10th Cir. 2005). Instead, Plaintiffs' exclusive remedy against the government for tort violations, and

16

monetary damages are the only permitted remedy under the FTCA. 28 U.S.C. § 2680.

   B. **Plaintiffs' Claims under 42 U.S.C. § 1983**

In Count IV of the SAC, Plaintiffs bring a cause of action under 42 U.S.C. § 1983.  Section 1983 creates a cause of action against any person who, acting under the color of state law, abridges rights created by the Constitution of the United States.[4]  42 U.S.C. § 1983.  Because Section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, "federal agencies and officers are facially exempt from Section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law."  Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998)(citing District of Columbia v. Carter, 409 U.S. 418, 425 (1973)).[5]  This is because a federal agency is a not considered a "person" subject to Section 1983

---

   [4] Section 1983 states, in pertinent part, that a cause of action is created against

   Every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution.

42 U.S.C. § 1983.

   [5] A federal officer, however, may be subject to Section 1983 liability when sued in their official capacity where they have acted under color of state law, for example in a conspiracy with state officials.  Melo v. Hafer, 912 F.2d 628, 638 (3d Cir. 1990).

liability.  Hindes, 137 F.3d at 158; see also Hurt v. Philadelphia Hous. Auth., 806 F. Supp. 515, 524 (E.D. Pa. 1992).

In the present case, Plaintiffs have named the DOJ, a federal agency, as the defendant who took the actions (issuing a press release and posting information on a web site) that lead to Plaintiffs' harm.  Count IV then, must be dismissed as Plaintiffs cannot establish a Section 1983 claim because DOJ is not a "person" under Section 1983.

### C. **Plaintiffs' Claims of Violation of the Equal Protection Clause**

In Count V of the SAC, Plaintiffs seek relief directly under the Fourteenth Amendment.  No federal statute authorizes federal courts to hear suits or give relief against federal officials who violate the Constitution, but such claims (which seek money damages against federal officers) are the type authorized by the Supreme Court in Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  A federal agency -- like the Department of Justice -- however, is not subject to liability under Bivens.  F.D.I.C. v. Meyer, 510 U.S. 471 (1994)(Bivens recognized actions against officers because of the absence of any remedy, whereas the FTCA provides a cause of action directly against the federal government); see also Bivens, 403 U.S. at 410; Biase v. Comizio, 852 F. Supp. 268, 279 (D.N.J. 1994)("The decisions in Bivens and Meyer make clear that a constitutional tort action for damages cannot lie directly

against a Federal agency.")  Thus, the Court will dismiss Count V as against DOJ.

Plaintiffs have also named a number of "John Doe" defendants including "[u]nknown individuals in capacities of [p]ersons participating in the alleged torts [t]hat may be employees" of DOJ.  (SAC at 1.)  While in theory, Plaintiffs could bring a Bivens claims against individual federal officers, this Court need not address the merits of Plaintiffs' Bivens claim because Plaintiffs have not sufficiently identified which individual defendants they intend to sue or stated a claim against the John Doe defendants.  The Third Circuit has held that a plaintiff cannot maintain an action solely against unnamed parties (i.e. John Doe defendants.)  Hindes, 137 F.3d at 155, 159 (citing Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1534-35 (E.D. Pa. 1990)).  "[S]uch actions [however] have been allowed where the plaintiff is able to identify the John Doe defendant sufficiently to enable his or her naming at a later date." Pecarsky v. Marina Assoc., 107 F.R.D. 107, 109 (D.N.J. 1985).

Such is not the case here, as Plaintiffs have failed to adequately identify the Doe defendants and, because there are no specific allegations brought against the Doe defendants and no description provided of these defendants in the SAC (other than that they might be employees of DOJ), there is little indication that Plaintiffs would be able to identify the Doe defendants at a

19

later date.[6]  Even if the identities of the unnamed individuals were later determined, the claims would have to be dismissed because Plaintiffs failed to make any specific allegations against any Doe defendant.  See id.  Moreover, the sole proper defendant for tort claims arising from the acts or omissions of a federal officer or employee acting within the scope of his or her employment is the United States itself, which, as previously explained, is not liable to Plaintiffs herein.  As such, Plaintiffs have failed to allege facts relating to any Doe defendant that would be sufficient to put DOJ on notice of the type of relief Plaintiffs seek against those defendants, nor that such a claim could have merit.  Thus, Count V of the SAC must be dismissed as to the individual Doe defendants.

## V.  CONCLUSION

For the reasons expressed in this Opinion, the Court will grant DOJ's motion to dismiss.  The accompanying Order will be entered.

**January 30, 2007**                         **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             U.S. District Court

---

[6] The SAC mentions three individuals, Donald Dowie, Kari Larson, and Terri Marinari but Plaintiffs failed to either (1) identify individuals and defendants or (2) direct any factual allegations at them.